IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| v.   )  | CRIMINAL NO. 13-0117-CG |
| ) | |
| YAMAN SENCAN, DAVID PETERSEN, ) | |
| and STEPHEN MERRY, ) | |
| ) | |
| Defendants.   ) | |

**ORDER**

      This matter comes before the Court on the Government's "Motion to Reconsider Order Prohibiting I.K. from Presenting Live Video Testimony at Trial" (doc. 79).

**I.    Background.**

      Defendants Yaman Sencan, David Petersen, and Stephen Merry are named defendants in a 20-count Indictment (doc. 1) filed in open court on May 30, 2013.  The Indictment charges defendants with conspiring to commit securities and wire fraud, in violation of 18 U.S.C. § 371; engaging in securities fraud (or aiding and abetting same), in violation of 15 U.S.C. § 77q; and engaging in wire fraud (or aiding and abetting same) on numerous instances, in violation of 18 U.S.C. § 1343.  All counts relate to an alleged fraudulent scheme under which defendants are accused of accepting millions of dollars of investor funds under false pretenses, failing to invest such funds, disseminating false documentation to investors concerning the status of their "invested" funds, and the like.  Jury selection was conducted on December 2, 2013, and trial is set to commence on December 12, 2013.

      On November 22, 2013, the Government filed a document styled "Motion for a *Maryland v. Craig* Hearing to Permit Victim-Witness Testimony via Video Teleconference" (doc. 57).  In that motion, the Government sought leave to allow witness I.K., a purported victim of defendants' alleged scheme who resides in Hawaii and suffers from a serious health condition that places him at heightened risk of contracting infection, to testify at trial via video teleconference.  Later that day, the undersigned entered an Order (doc. 59) requiring the Government to supplement its motion by explaining how the requested relief might be reconciled

with the Eleventh Circuit's *en banc* decision in *United States v. Yates*, 438 F.3d 1307, 1315 (11th Cir. 2006). In *Yates*, the majority concluded that the Government's desire to present trial testimony of two Australian witnesses via videoconference did not outweigh the defendants' Confrontation Clause rights, reasoning that "the availability of a Rule 15 deposition demonstrates that, in this case, it was not necessary to deprive the Defendants of face-to-face meetings with their accusers." *Yates*, 438 F.3d at 1316 n.8. On November 25, 2013, the Government filed a Supplemental Brief (doc. 60), acknowledging the obstacles posed by *Yates* for their videoconferencing request but alternatively requesting a Rule 15 deposition for I.K. In that Supplemental Brief, the Government also emphasized that time was of the essence, inasmuch as it proposed that I.K.'s deposition be set for December 5, 2013, noted the likelihood of entry of "an order on this matter prior to jury selection on December 2, 2013," and indicated that "the sooner the United States can make the travel arrangements, the less costly this entire process will be." (Doc. 60, at 7.)

At 2:01 p.m. on Tuesday, November 26, 2013, defendant David Petersen filed an Opposition (doc. 63) brief, arguing that the Government's Rule 15 motion should have been filed back in October 2013 when the Government became aware of I.K.'s medical issues, that the defense would be prejudiced by scheduling a Rule 15 deposition now (thereby causing the defense to lose days of vital trial prep time to travel to Hawaii, participate in the deposition, and travel home), and that I.K.'s testimony would be cumulative, given the availability of other purported victims whom the Government will call to testify at trial.

Despite knowledge of the time-sensitive nature of its Motion, and the likelihood of a ruling before the Thanksgiving holiday closure to accommodate the Government's pre-jury selection timetable, the Government did not respond to Petersen's Opposition. The Government did not file a reply, did not contact the undersigned's chambers to express a desire to be heard prior to entry of the requested expedited ruling, and did not identify to the Court any concern that Petersen's representations in his Opposition were "patently false" or misleading. Instead, the Government was silent for the entire period between the filing of Petersen's Opposition at 2:01 p.m. on November 26 and the close of business on November 27, thereby leaving the Court with the impression that the Government did not wish to be heard further on the matter. Accordingly, and to accommodate the Government's expressed desire for expedited ruling, the undersigned took the matter under submission immediately on the existing briefs and record. At 3:56 p.m. on

Wednesday, November 27, 2013, approximately one hour before the U.S. Courthouse closed for the long Thanksgiving weekend, the undersigned entered an Order (doc. 75) adjudicating the Government's requests for I.K. to testify via videoconference or, alternatively, for a Rule 15 deposition to be fixed prior to the December 12 trial date.

With respect to the videoconference motion, the November 27 Order found this case to be analogous to *Yates* and embraced the reasoning of the *Yates* majority. Specifically, the Court determined that (given the availability of a Rule 15 deposition and other circumstances) the Government had failed to come forward with "evidentiary support for a case-specific finding that furtherance of a public policy renders it <u>necessary</u> to deny defendants their constitutional right to confront I.K. face-to-face when he testifies against them." (Doc. 75, at 3.) On that basis, the Government's motion to allow I.K. to testify at trial via videoconferencing was denied. As for the alternative motion for Rule 15 deposition, the Court explained that the Government "has not even attempted to make a showing that I.K. is a critical witness, that his testimony would not be redundant or cumulative, or that the Government would suffer prejudice to its case-in-chief without the testimony of I.K." (Doc. 75, at 4.) The November 27 Order further observed that the Government's delay in requesting a Rule 15 deposition for I.K. after being informed of his medical condition and his treating physician's concerns about him traveling to Alabama "would work injustice on defendants if the Rule 15 deposition were allowed now, by interrupting their final trial preparations and depriving them of crucial final days needed to ready their defense for the December 12 trial." (*Id.* at 5.) In light of these and other considerations, the undersigned concluded that the Government had failed to meet its burden of showing that the Rule 15 deposition of I.K. would be justified by exceptional circumstances or would serve the interests of justice; therefore, the Government's motion for Rule 15 deposition was denied.

Late in the evening of November 28, 2013, the Government filed its Motion for Reconsideration of the November 27 Order.

**II.    Analysis.**

    **A.    *Governing Legal Standard.***

Conspicuously omitted from the Government's Motion to Reconsider is any discussion of the governing legal standard. The Federal Rules of Criminal Procedure do not expressly recognize such a motion. *See, e.g., United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) ("None of the Rules of Criminal Procedure authorizes a generic motion to reconsider; the

criminal rules lack a counterpart to the motions authorized by Fed.R.Civ.P. 50(b), 52(b), or 59"). Nonetheless, such motions are generally permitted and are evaluated under the same standards utilized in civil cases. *See id.* ("motions to reconsider in criminal cases are proper and will be treated just like motions in civil suits"); *United States v. Harmon*, 871 F. Supp.2d 1125, 1143 (D.N.M. 2012) ("In the criminal context, … courts ordinarily apply the same standards as those used in civil cases when addressing motions to reconsider.").

In the civil context, the only grounds for granting a motion to reconsider are "newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citation omitted). Authority is legion for the proposition that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to" the original ruling. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) ("Motions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted."). Nor are such motions properly filed "as a kneejerk reaction by a dissatisfied federal court loser." *Lee v. Thomas*, 2012 WL 3137901, *2 (S.D. Ala. Aug. 1, 2012); *see also Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong"). Notwithstanding the Government's failure to address them, these principles inform the undersigned's analysis of the pending Motion to Reconsider.

### B.   *The Government's Stated Grounds for Reconsideration.*

The Government's Motion to Reconsider is predicated on three distinct arguments, each of which will be addressed in turn. First, the Government protests that it could not have filed its Rule 15 motion any sooner because I.K. had originally indicated that he was willing to defy his physician's advice and travel to Mobile for trial. On November 19, 2013, with no change in underlying medical diagnosis, treatment, health condition, or physician's advice, I.K. changed his mind (as was his prerogative) and said he would not travel to Mobile for trial. The Government maintains that it could not have filed a Rule 15 motion prior to this November 19 bombshell because it "was well aware it could not satisfy the 'unavailability' prong" for such a

deposition. (Doc. 79, at 2.) The Court disagrees. For Rule 15 purposes, "[a] potential witness is unavailable … whenever a substantial likelihood exists that the proposed deponent will not testify at trial." *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). The Government would not have had to prove to a certainty that I.K. was not going to testify at trial, but would have needed to show only a "substantial likelihood." Given the physician's note that the Government received on October 23, 2013, and its actual knowledge that I.K. is "gravely ill," that I.K. would face "grave personal risks" if he traveled to Mobile, and that "I.K.'s doctor fears he could die if he comes to Mobile to testify," the Government possessed considerable evidence as of late October that there was a "substantial likelihood" that I.K. would not travel to Mobile for trial. Rather than making that argument and endeavoring to set up a Rule 15 deposition to preserve his testimony for trial, however, the Government chose to roll the dice that I.K. would remain willing to jeopardize his life to fly to Alabama. That gamble did not pay off. This may be unfortunate, but the Government cannot absolve itself of responsibility for the dilemma in which it now finds itself. The Government's lack of diligence and failure to act proactively created this situation, and weighs heavily against granting a Rule 15 deposition on the eve of trial.[1]

    Second, the Government lambastes as "patently false" Petersen's statement in his Opposition that I.K. is a mere cumulative witness, given the availability of other purported victims to testify at trial. (Doc. 79, at 3.) Indeed, the Government now states that I.K. is the only victim-witness who dealt directly with Petersen and that the absence of I.K.'s testimony "will leave a large gap in the evidence against Petersen." (*Id.*) The Court is at a loss to understand why the Government is making such statements now for the first time. The Government spent multiple pages in its original Motion for a *Maryland v. Craig* Hearing documenting I.K.'s anticipated testimony and making a case for why it was important. (Doc. 57, at 5-6.) Nowhere in that filing did the Government allude to I.K. being the lone victim-witness to deal directly

---

[1] More fundamentally, the Court is skeptical of the Government's premise that "unavailability" for Rule 15 purposes is governed by a witness's whims and passing fancies. Under the Government's argument, I.K. was "available" when he was willing to travel to Mobile, but "unavailable" when (with no change in health status or medical advice) he abruptly changed his mind. The Court will not cast the defense into turmoil simply because a Government witness had a foreseeable change of heart for which the Government could have adequately planned and prepared ahead of time.

with Petersen.² Moreover, after Petersen filed an Opposition that the Government believed to be "absolutely false" (doc. 79, at 3) on this point, the Government inexplicably remained silent.³ The time to come forward with these facts and argument was at the time of the original Motion, the Supplemental Brief, or (at the very latest) immediately after Petersen filed his Opposition, particularly when the Government knew a ruling was likely imminent. A motion to reconsider is not a proper platform for presenting previously available (but unspoken) arguments and facts.

Third, the Government suggests that the November 27 Order's ruling on the Rule 15 issue reopens the door for I.K. to testify via videoconference because the denial of a deposition means that "this case is presently materially distinguishable from *Yates*." (Doc. 79, at 3.) A close look at *Yates* conclusively defeats any contention that, by delaying excessively in requesting a Rule 15 deposition, the Government may circumvent the *Yates* application of the Confrontation Clause and secure witness testimony at trial by videoconference. Again, the *Yates* majority determined that "there is no evidentiary support for a case-specific finding that the witnesses and Defendants could not be placed in the same room for the taking of pre-trial deposition testimony pursuant to Rule 15." *Yates*, 438 F.3d at 1317. In so concluding, the *Yates* majority specifically noted the district court's finding that "the only reason a Rule 15 deposition may not have been an appropriate alternative to the video conference was that the Government had waited too long to request such a deposition." *Id.* at 1318. The Court declines any invitation

---

² The Government attempts to explain away the omission by saying that the uniqueness of I.K.'s testimony "was not a contested issue at that point." (Doc. 79, at 3.) But the value of I.K.'s testimony to the Government is a critical piece of the analysis under both *Maryland v. Craig* and Rule 15, so the Government had every incentive to explain fully the necessity of I.K.'s testimony in its filings on the videoconferencing and deposition motions.

³ The Government's explanation is that "the undersigned was on a plane" when Petersen filed his Opposition. Be that as it may, this excuse leaves much to be desired because (i) there are four Assistant United States Attorneys of record on this file, (ii) it is unlikely that counsel remained on a plane from 2:00 p.m. on November 26 until the close of business on November 27, (iii) it would have been a simple matter for the Government promptly to notify the Court of its desire to clarify this point before a ruling was made, and (iv) the Government knew that a ruling was likely imminent because it had pushed for a ruling prior to the December 2 jury selection, which as a practical matter necessitated entry of an order by no later than the end of the day on November 27 because of the ensuing four-day Thanksgiving court closure.

to hold that *Yates* is inapplicable or otherwise materially distinguishable in a case where the Government could have, but did not, timely move for a Rule 15 deposition.

### III.    Conclusion.

For all of the foregoing reasons, the Government's Motion to Reconsider (doc. 79) is **denied**.

DONE and ORDERED this 3rd day of December, 2013.

                                               s/ WILLIAM H. STEELE
                                               CHIEF UNITED STATES DISTRICT JUDGE