IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-0117-CG |
| | ) |
| YAMAN SENCAN, DAVID PETERSEN, | ) |
| and STEPHEN MERRY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the United States' Motion in Limine (doc. 51), the United States' Motion to Exclude Unproduced Defense Evidence and Expert Opinion Testimony (doc. 52), and defendant Stephen Merry's Motion to Strike Surplusage and Motion in Limine to Exclude Use of the Terms "Ponzi Scheme" or "Ponzi Payments" (doc. 67).

With respect to the Government's Motion in Limine and Motion to Exclude, the undersigned entered an Order (doc. 59) on November 22, 2013 directing defendants to file responses on or before December 2, 2013. No defendants filed any response, articulated any objection to the Government's Motions, or otherwise acknowledged the November 22 briefing schedule. The Court therefore assumes these Motions are unopposed.

The Motion in Limine has three distinct prongs. First, the Government seeks to preclude defendants from "attempt[ing] to place a defendant's alleged exculpatory statements before the jury without the defendant himself taking the stand and being subjected to cross-examination." (Doc. 51, at 2.) The file contains no indication that defendants intend to do so. Even if they did harbor such an intention, such a maneuver would be fraught with obvious hearsay problems as to which defendants have identified no exception. Second, the Government seeks to bar defendants from making any "[r]eferences to the possibility of imprisonment or other references to penalties that may be imposed" as an improper appeal to juror sympathy. (*Id.* at 5.) There appears to be no reason to believe that defendants plan to make such an argument or to adduce any such evidence. At any rate, the Court includes as part of its standard jury charge specific instructions that the jurors must not consider punishment in any way and that they must not be influenced by

either sympathy for or prejudice against the Government or the defense. The defense will not be permitted to present evidence or argument that conflicts with these instructions. Third, the Government requests that the defense be barred from presenting evidence or argument "concerning any specific instances of prior non-criminal conduct." (*Id.* at 6.) Once again, there is no indication that any defendant intends to do so, much less that any such attempt might be reconciled with Rule 405, Fed.R.Evid. For all of these reasons, the Government's Motion in Limine (doc. 51) is **granted**.[1]

The Government's Motion to Exclude Unproduced Defense Evidence and Expert Opinion Testimony indicates that defendants have not furnished the Government with any reciprocal discovery pursuant to Local Rule 16.13(b)(4), that defendants have not responded to the Government's request for expert witness information, and that the relevant deadlines have expired. Again, defendants did not respond to this Motion, and apparently have never indicated that they will seek to introduce previously non-disclosed evidence during trial or that they have retained expert witnesses to offer opinions at trial. These appear to be non-issues. The Motion to Exclude (doc. 52) is **granted**.

Defendant Stephen Merry has also filed a Motion wherein he requests that all references to a "Ponzi scheme" or "Ponzi payments" in the Indictment be stricken as surplusage, pursuant to Rule 7(d), Fed.R.Crim.P. Merry further requests that the Government be precluded from utilizing such terms at trial on the ground that this terminology is pejorative, inflammatory, irrelevant and prejudicial. The Government opposes the Motion on multiple grounds.

As a threshold matter, Merry's characterization of the phrase "Ponzi scheme" as irrelevant to the charged offenses is not accurate. Contrary to Merry's argument, the term "Ponzi scheme" is not narrowly confined to a description of the particular conduct of one Charles Ponzi nearly a century ago; rather, the term is widely embraced and understood in jurisprudence and

---

[1] By all appearances, the Government filed this Motion in Limine as a precautionary measure, without defendants having suggested that they planned to bring in evidence of their own out-of-court statements via cross-examination of other witnesses, that they intended to mention the possibility of imprisonment to arouse the jury's sympathy, or that they desired to present evidence of specific instances of prior non-criminal conduct. Both the Court's and the parties' time are most efficiently spent on pretrial motion practice addressing real evidentiary issues or problems that are actually anticipated to arise during the trial, rather than prophylactic, "abundance-of-caution" measures.

common parlance alike as describing a fraudulent investment scheme in which payments of new investors are repackaged as "investment returns" paid out to old investors to create an illusion of legitimacy and profitability, even though the subject funds are not actually being invested.[2] The Indictment charges defendants with engaging in a fraudulent investment scheme possessing those very characteristics. (*See* doc. 1, ¶¶ 6-7, 13(f), 13(h), 13(j).) Whatever else may be said, the term "Ponzi scheme" in the Indictment is neither irrelevant nor unfairly prejudicial to defendants. Rather, it is a fair description of the alleged conduct underlying the specific offenses that defendants are charged with committing and that the Government hopes to prove at trial. This phrase is not surplusage that should be stricken pursuant to Rule 7(d). *See United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) ("A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.") (citations and internal quotation marks omitted). Nor will the Court restrict the Government from using this terminology in the presence of the jury to describe the charged offenses and the Government's theory of wrongdoing. Defendant Merry's Motion to Strike Surplusage and Motion in Limine (doc. 67) is **denied**.

For all of the foregoing reasons, it is **ordered** as follows:

1. The Government's Motion in Limine (doc. 51) concerning introduction by the defense of hearsay statements by defendants, references to penalty or

---

[2] *See, e.g., In re Rothstein, Rosenfeldt, Adler, P.A.*, 717 F.3d 1205, 1207 n.5 (11th Cir. 2013) ("The modus operandi of a Ponzi scheme is to use newly invested money to pay off old investors and convince them that they are earning profits rather than losing their shirts.") (citation omitted); *Peterson v. Winston & Strawn LLP*, 729 F.3d 750, 751 (7th Cir. 2013) ("Petters was running a Ponzi scheme in which new investments were used to pay off older investments rather than to finance an operational business."); *Marion v. Hartford Fire Ins. Co.*, 2013 WL 2097420, *1 (3rd Cir. May 16, 2013) ("A Ponzi scheme is an investment fraud in which investors are paid off, not with returns generated by their investments – because their money usually is converted, not invested – but with revenue generated from later investors."); *Commodity Futures Trading Com'n v. Walsh*, 712 F.3d 735, 739 (2nd Cir. 2013) (explaining that defendants conducted their business "as a Ponzi scheme" because they "issued fraudulent account statements to their investors, withdrew invested moneys in order to spend lavishly on themselves, and funded investor withdrawals with moneys received from other investors when there were no earnings"). Outside of the legal context, the term has a similar meaning. For example, *Oxford Dictionaries Online* defines "Ponzi scheme" as "a form of fraud in which belief in the success of a nonexistent enterprise is fostered by the payment of quick returns to the first investors from money invested by later investors."

imprisonment, or evidence of specific instances of prior non-criminal conduct is **granted**;

2. The Government's Motion to Exclude Unproduced Defense Evidence and Expert Opinion Testimony (doc. 52) is **granted**; and

3. Defendant Stephen Merry's Motion to Strike Surplusage and Motion in Limine to Exclude Use of the Terms "Ponzi Scheme" or "Ponzi Payments" (doc. 67) is **denied**.

DONE and ORDERED this 11th day of December, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE